KING, Circuit Judge,
dissenting:
The majority arrives at its result only through a disturbing misapplication of the “substantial evidence” test. Because the Plan Administrator’s decision to deny Na-poli benefits is supported by concrete, direct, and unrebutted evidence, and because Napoli was provided a “full and fair review” of his case, I dissent.
As an initial matter, Napoli’s suggestion that there must have been substantial evidence that he violated a company policy misstates the relevant inquiry. At oral argument, it became clear that Napoli is attempting to use his ERISA case as a vehicle for relitigating the propriety of his termination. But the Plan makes clear that an employee is not eligible for benefits if he “is terminated as a result of ... discharge for ... a violation of applicable rules, policies, and/or practices.” Accordingly, the Plan Administrator’s decision need only have been based on substantial evidence that Napoli was discharged for a violation of company policy, not substantial evidence that Napoli actually committed such a violation.
With that framework in mind, and based on my review of the record, I would conclude that there is at least “some concrete evidence in the administrative record that supports the denial of the claim.” Vega v. Nat’l Life Ins. Servs., Inc., 188 F.3d 287, 302 (5th Cir.1999) (en banc), overruled on other grounds by Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008). The majority pays lip service to this standard, but proceeds to misapply it. A letter[1] from Johnson & Johnson’s Office of General Counsel, sent to Napoli’s attorney on September 27, 2010, just days after Napoli’s termination, makes clear that he was terminated due to a violation of company policy — specifically, “a Group 1 violation,” based on allegations that “he wrongfully expensed over $3,000 on his American Express account.”[2] This letter constitutes concrete evidence — indeed, direct evidence — as to why Johnson & Johnson chose to terminate Napoli.[3] *867 This direct evidence constitutes at least “more than a scintilla” and “is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Killen v. Reliance Standard Life Ins. Co., 776 F.3d 303, 307 (5th Cir.2015) (internal quotation marks omitted) (defining “substantial evidence”).
Furthermore, this evidence went unrebutted. Napoli failed to submit any evidence suggesting that he was terminated for any reason other than a violation of company policy, despite the fact that he carried “the initial burden of demonstrating entitlement to benefits under- an ERISA plan.” Perdue v. Burger King Corp., 7 F.3d 1251, 1254 n. 9 (5th Cir.1993). Although Napoli claimed in a letter to Johnson & Johnson that he was discharged “due to the elimination of [his] position or a reduction in work-force,” he offered no evidence in support of that assertion. See Holland v. Int’l Paper Co. Ret. Plan, 576 F.3d 240, 250 (5th Cir.2009) (“[The claimant] did not supplement the record -with other evidence in this ease, nor can he point to evidence that the Plan Administrator failed to consider.”); cf. Vega, 188 F.3d at 300 (“Before filing suit, the claimant’s lawyer can add additional evidence to the administrative record simply by submitting it to the administrator in a manner that gives the administrator a fair opportunity to consider it.”).
I admit that the evidence here, while concrete, is on the “low end” of the substantial evidence spectrum under our case-law. However, “our review of the administrator’s decision need not be particularly complex or technical; it need only assure that the administrator’s decision fall somewhere on a continuum of reasonableness— even if on the low end.” Vega, 188 F.3d at 297 (emphasis added). Because the inquiry the Plan Administrator faced in this case was a simple one — requiring only a determination of why Johnson & Johnson terminated Napoli — it is not surprising that the evidence in the record is less than voluminous. I would also note that where, as here, the Plan grants the Plan Administrator discretion to determine benefit eligibility, our review is highly deferential. See Wade v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan, 493 F.3d 533, 541 (5th Cir.2007) (“We should not substitute our judgment for that of the administrator.”), overruled on other grounds by Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 130 S.Ct. 2149, 176 L.Ed.2d 998 (2010); Holland, 576 F.3d at 246 (“A decision is arbitrary only if made without a rational connection between the known facts and the decision or between the found facts and the evidence.” (internal quotation marks omitted)). The Plan Administrator’s decision here was based not on “unsupported suspicions,” Vega, 188 F.3d at 302, but rather on concrete and unrebutted evidence of the reason for Na-poli’s termination. Accordingly, I would conclude that the low substantial evidence bar has been met.
The majority’s alternative conclusion that the plan administrator denied Napoli a “full and fair review” fares no better. Although ERISA beneficiaries are entitled to “adequate notice in writing ... setting forth the specific reasons for ... denials],” 29 U.S.C. § 1133(1), “[challenges to ERISA procedures are evaluated under the substantial compliance standard,” Wade, 493 F.3d at 539. “This means that the technical noncompliance with ERISA procedures will be excused so long as the purpose of section 1133 has been fulfilled” — i.e., so long as a beneficiary is afforded “an explanation of the denial of benefits that is adequate to ensure mean *868 ingful review of that denial.” Id. (internal quotation marks omitted). That standard has been met here, as the Plan Administrator’s denial letter made clear that the denial rested on the conclusion that Napoli was discharged for violating company policy. Moreover, the September 2010 letter placed Napoli on notice that the policy violation stemmed from allegations of improper credit card charges.[4] See id. (“The substantial compliance test also considers all communications between an administrator and plan participant to determine whether the information provided was sufficient under the circumstances.” (internal quotation marks omitted)).
In my view, the majority has, in effect, applied a standard more rigorous than the substantial evidence test as described in our precedents. The direct and undisputed evidence in this case is sufficient to meet this low bar. Johnson & Johnson fired Napoli because he “wrongfully ex-pensed over $3,000 on his American Express account.” Because of the majority’s decision to reverse the district court’s judgment, Johnson & Johnson is now stuck with paying severance benefits to Napoli. I dissent.

.The letter reads: "This is in reference to the termination of employment of Mr. Napoli. In a conversation last Friday with my client, you were told that Mr. Napoli was entitled to 4 weeks’ severance. That is incorrect. Since he was terminated for a Group 1 violation, he is not entitled to any severance. Furthermore, since he wrongfully expensed over $3,000 on his American Express account, the company hereby demands repayment. He can send this reimbursement directly to Ms. Harris.”

. Johnson & Johnson’s policies, which were provided to Napoli, state that Group 1 violations include ”[w]illfully making any false statement in records that are the property of the Company or which are submitted to the Company including ... expense reports.”

. Moreover, as the majority notes, in various correspondence with Napoli’s attorney in 2012, Johnson & Johnson reiterated that Na-poli was terminated "due to the violation of *867 the Company’s Performance and Conduct Standards Policy.”

. There is no suggestion by Napoli, nor does the record indicate, that there was any other alleged company policy violation at issue. Thus, the Plan Administrator’s failure, in its denial letter, to explicitly describe the nature of the allegations did not have the effect of denying Napoli a full and fair review. The September 2010 letter made clear to Napoli that his termination stemmed from allegations of credit card misuse.